KEARNEY, BURNS & MARTONE, P.C.
BY: *John B. Kearney, Esquire*
210 WHITE HORSE PIKE
HADDON HEIGHTS, NJ 08035
(856) 547-7733

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHEENA SLIPPI-MENSAH, | : CAMDEN VICINAGE |
| Plaintiff(s) | : |
| vs. | : DOCKET NO: 1:15-CV-07750-NLH-JS |
| TROOPER J.M. MILLS #7412, TROOPER II A.M. SPARACIO # 6821, & JOHN DOES 1-15 (fictitious names) | : (Civil Action) |
| Defendant(s) | : AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL |

Plaintiff, **SHEENA SLIPPI-MENSAH,** an adult, residing in Camden County, New Jersey, says by way of Complaint against the Defendants states:

## INTRODUCTION

On May 24, 2014, at about 3:30 AM, the plaintiff was driving home when defendants **TROOPER J.M. MILLS #7412** and **TROOPER II A.M. SPARACIO # 6821**, of the New Jersey State Police observed the plaintiff, a young female African American driving a new Cadillac, and decided, without probable cause or reason, to pull her over, detain her at the scene, arrest her, detain her at the police station, and charge her with a multitude of offenses, all of which were dismissed. The plaintiff was a victim of racial profiling.

1

## PARTIES

1. Plaintiff, **SHEENA SLIPPI-MENSAH** is an adult, residing in Camden County, New Jersey.

2. Defendants, **TROOPER J.M. MILLS #7412,** (hereafter Defendant or Mills), and **TROOPER II A.M. SPARACIO # 6821,** (hereafter Defendant or Sparacio), were at all times employees of the New Jersey State Police and were at all times acting under color of state law.

3. Defendants **JOHN DOE 1 THROUGH 15,** (hereafter John Doe) are individuals presently unknown to the plaintiff, who supervised, encouraged, trained or reviewed the defendants Mills and/or Sparacio, with knowledge that they violated the law.

## FACTS

1. On May 24, 2014, at about 3:30 AM, the plaintiff was driving home from a friend's home in Philadelphia, PA.

2. The defendants, observed the plaintiff, a young female African American driving a new Cadillac on I-295.

3. The defendants, without probable cause or justification, pulled plaintiff's vehicle over.

4. Defendant's then, without probable cause or justification, detained and eventually arrested the plaintiff.

5. The defendant's subsequently created a police report containing made up facts, such as the plaintiff giving off an odor of alcoholic beverage, to justify their actions.

6. The plaintiff was handcuffed and transported to the police station.

7. At the police station, a breathalyzer test was given to plaintiff, which resulted in a .00% BAC.

8. The defendant's decided the breathalyzer machine was broken and attempted to contact a DRE expert but none were available.

9. The plaintiff was handcuffed in a cell and made numerous requests to call her mother, all of which were denied by the defendant's. The plaintiff told the defendant's she was nursing a newborn and needed to contact her mother so she could get released, get home, and feed her son.

10. The defendant's told the plaintiff she could call her mother if the plaintiff gave them a urine sample.

11. By this time, plaintiff had been in a cell for several hours with her hands cuffed behind her back, was in pain, needed to get home to her baby and as a result, agreed to give a urine sample, which she did.

12. The plaintiff was given tickets for speeding, failure to maintain a lane, and drunk driving.

13. The plaintiff was released to her mother after being held in custody for more than five (5) hours.

14. The plaintiff was provided false information by the defendant's or defendant John Doe 1-2 as to the location of her vehicle resulting in her incurring additional costs.

15. The lab tests of plaintiff's urine revealed no illegal substance in plaintiff's system.

16. At the Municipal Court hearing for the plaintiff's tickets, one of the defendants made the statement that they, (the defendant's), were going to hang the plaintiff.

17. Prior to the Municipal Court hearing, plaintiff's attorney had filed a tort claims notice.

18. All of the charges against the plaintiff were dismissed by the Municipal Court.

19. Defendant John Does 3-15 were responsible for the supervision, training, and review of defendants Mills and Sparacio's police work.

20. The reason for defendant's stopping plaintiff was because she was a female African American driving a new Cadillac late at night, i.e., racial profiling.

## CAUSES OF ACTION

## COUNT ONE

## NEW JERSEY STATE CIVIL RIGHTS ACTIONS/STATE CONSTITUTION CLAIM

21. Plaintiff incorporates paragraphs 1-20 as if set forth at length herein.

22. The defendants violated the rights guaranteed to the plaintiff by the New Jersey Constitution and the New Jersey Civil Rights Act when:

   a) Defendants, under color of state law, stopped plaintiff's vehicle and thereby seized her without a reasonable articulate suspicion, or probable cause that a crime or violation of the law had occurred.

   b) Defendants, under color of the state law, arrested and detained the plaintiff without probable cause.

c) Defendants, under color of state law, selected plaintiff for their treatment described herein based upon her race and the circumstances.

d) Defendants, under color of state law, extorted a urine sample from the plaintiff.

e) Defendants, under color of state law, created a written report containing falsehoods about the plaintiff in order to justify their unconstitutional behavior.

f) One defendant said they were going to hang the plaintiff.

g) Defendants kept plaintiff handcuffed and in a cell for several hours without any justification.

**WHEREFORE,** the plaintiff demands judgment against the defendants for such sums as will adequately compensate her together with interest, costs, and attorney fees.

## COUNT SIX

### CIVIL RIGHTS and 42 U.S.C. 1993 CLAIMS

23. As defendants, under color of state law, stopped plaintiff's vehicle and therefore seized her without a reasonable articulate suspicion, the plaintiff's Fourth Amendment rights were violated.

24. As defendants, under color of state law, arrested plaintiff without probable cause, the defendants violated plaintiff's right to be free from unlawful arrest, as guaranteed to her by the Fourth Amendment.

25. As defendants, under color of state law, detained plaintiff without probable cause, the defendants violated due process of law guaranteed to the plaintiff.

26. As defendants stopped, detained, and arrested plaintiff without probable cause and without a reasonable articulate suspicion and for the reason that plaintiff was a young African American female driving a new Cadillac in the early morning hours, the defendants reason for the stop, detention, and arrest had a discriminatory affect and were motivated by a discriminatory purpose in violation of the rights guaranteed to the plaintiff under the Fourth Amendment, violated plaintiff's right to Equal Protection of the law and violated plaintiff's right to Due Process of Law.

27. As defendants, under color of state law, extorted urine from the plaintiff, the defendants violated plaintiff's right to be free from unlawful seizure as guaranteed by the Fourth Amendment, and violated plaintiff's right to Equal Protection Under the Law and violated plaintiff's right to Due Process Under the Law.

28. As the defendants, under color of state law, stated at the Municipal Court that plaintiff would be hanged, the defendants violated the plaintiff's right to Due Process Under the Law.

29. As defendants, under color of state law, created a written report stating that the plaintiff had the odor of alcoholic beverage coming from her, when in fact there was no such odor, as the plaintiff had not consumed any alcohol as determined by the breathalyzer and urine test, the plaintiff's right to Equal Protection Under the Law and Due Process Under the Law were violated.

30. As the defendants, under color of state law, kept plaintiff handcuffed in a cell for several hours without justification, the defendants violated plaintiff's rights guaranteed to her under the Fourth Amendment and violated plaintiff's right to Equal Protection Under the Law and Due Process of Law.

31. The defendants, and defendant John Doe 1-2, under color of state law, gave plaintiff incorrect information as to the location of her vehicle in violation of plaintiff's right to Equal Protection Under the Law and plaintiff's right to Due Process Under the Law.

**WHEREFORE,** the plaintiff demands judgment against the defendants for such sums as will adequately compensate her together with interest, costs, and attorney fees.

## COUNT SEVEN

## VIOLATION OF CIVIL RIGHTS AND 1983 CLAIMS

32. Plaintiff incorporated herein every paragraph of this complaint as if set forth at length herein.

33. Defendants John Doe 3-15 were responsible for the supervision, training, and review of the actions of defendant's Mills and Sparacio and allowed the constitutional violations detailed in paragraphs 23 through 31 of this complaint to occur and exist.

**WHEREFORE,** the plaintiff demands judgment against the defendants for such sums as will adequately compensate her together with interest, costs, and attorney fees.

## COUNT EIGHT

## CONSPIRACY TO VIIOLATE 42 U.S.C.1983 AND 1985 AND THE NEW JERSEY CONSTITUTION

34. Plaintiff incorporates herein every paragraph of this complaint as if set forth at length herein.

35. The defendants Mills and Sparacio, and Defendants John Doe 1-15 conspired to violate plaintiff's civil rights as guaranteed to her under the Federal Constitution and the Constitution of the State of New Jersey by committing or allowing to occur the events described in paragraphs 23 through 31 of this complaint.

**WHEREFORE,** the plaintiff demands judgment against the defendants for such sums as will adequately compensate her together with interest, costs, and attorney fees.

## COUNT NINE

## VIOLATION OF 42 U.S.C. 1986

36. Plaintiff incorporates each and every paragraph of this complaint as if set forth at length herein.

37. Defendants John Doe 1-15 had the ability and authority to prevent the acts of defendants Mills and Sparacio as set forth in paragraph 23-30 of this complaint and failed to do so, thereby violating 42 U.S.C. 1986.

**WHEREFORE,** the plaintiff demands judgment against the defendants for such sums as will adequately compensate her together with interest, costs, and attorney fees.

## JURY TRIAL DEMANDED

Plaintiff, Sheena Slippi-Mensah, hereby demands trial by a jury.

                                      **KEARNEY, BURNS & MARTONE, P.C.**

                                      By: John B. Kearney, Esquire

Dated:                                **Attorney for Plaintiff**

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Federal rules and New Jersey Court, John B. Kearney, Esquire is designated as trial counsel for the Plaintiff in the above matter.

                                      **KEARNEY, BURNS & MARTONE, P.C.**

                                      By: John B. Kearney, Esquire
                                      **Attorney for Plaintiff**

Dated: