CHRISTOPHER S. PORRINO
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, New Jersey 08625
*Attorney for Defendants Trooper Sparacio and Trooper Mills.*

By:   Suzanne Davies
      Deputy Attorney General
      (609) 633-3985
      Suzanne.davies@dol.lps.state.us.nj

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
VICINAGE OF CAMDEN

_____     :

SHEENA SLIPPI-MENSAH,             Hon. Noel L. Hillman, U.S.D.J.
                         :
      Plaintiff,                  Civil Action No. 15-07750 (NLH/JS)
                         :
v.                                **DEFENDANTS' ANSWER AND AFFIRMATIVE**
                         :        **DEFENSES TO PLAINTIFF'S COMPLAINT**
TROOPER J.M. MILLS and
TROOPER SPARACIO,
                         :
      Defendants.
_____     :

TO:   CLERK OF COURT

      John Kearney, Esq.
      Kearney, Campbell & Burns, P.C.
      210 White Horse Pike, P.O. Box 279
      Haddon Heights, NJ 08035

      Defendants, Trooper Sparacio and Trooper Mills answer

Plaintiff's Complaint as follows:

## PARTIES

1.    Admitted.

2.    Admitted.

3.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation and Plaintiff is left to her proofs.

## FACTS

1.    Admitted.

2.    Admitted that Defendants observed a Cadillac on 1-295.

3.    Admitted that Defendants initiated a traffic stop.  Denied allegations that Defendants acted without probable cause or justification.

4.    Admitted that Plaintiff was placed under arrest.  Defendant allegations that Defendants acted without probable cause or justification.

5.    Admitted that Defendants wrote a police report.  Denied that Defendants falsified the report.

6.    Admitted.

7.    Admitted.

8.    Admitted that a DRE expert was contacted.

9.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation and Plaintiff is left to her proofs.

10.   Defendants are without knowledge or information sufficient
      to form a belief as to the truth of the allegation and
      Plaintiff is left to her proofs.

11.   Defendants are without knowledge or information sufficient
      to form a belief as to the truth of the allegation and
      Plaintiff is left to her proofs.

12.   Admitted.

13.   Defendants are without knowledge or information sufficient
      to form a belief as to the truth of the allegation and
      Plaintiff is left to her proofs.

14.   Denied.

15.   Admitted.

16.   Denied.

17.   Defendants are without knowledge or information sufficient
      to form a belief as to the truth of the allegation and
      Plaintiff is left to her proofs.

18.   Admitted.

19.   Defendants are without knowledge or information sufficient
      to form a belief as to the truth of the allegation and
      Plaintiff is left to her proofs.

20.   Denied.

## CAUSES OF ACTIONS

### COUNT ONE
### NEW JERSEY STATE CIVIL RIGHTS ACTIONS

21.  Defendants repeat the answers contained in the preceding
     paragraphs as if set forth at length herein.

22.  Denied.

a.   Denied.

b.   Denied.

c.   Denied.

d.   Denied.

e.   Denied.

f.   Denied.

g.   Denied.

**WHEREFORE,** Answering Defendants deny that the Plaintiff is entitled
     to the relief he seeks and demand judgment dismissing the
     Plaintiff's complaint with prejudice, together with an award
     to the Answering Defendants of attorney's fees and costs of
     suit.  Answering Defendants deny Plaintiff's entitlement to a
     judgment for damages: compensatory, punitive, cost of suit,
     attorney's fees or any other relief.

### COUNT SIX
### CIVIL RIGHTS AND 42 U.S.C. 1983 CLAIMS

23.  Denied.

24.  Denied.

25.  Denied.

26.  Denied.

27.  Denied.

28.  Denied.

29.  Denied.

30.  Denied.

31.  Denied.

**WHEREFORE,** Answering Defendants deny that the Plaintiff is entitled to the relief he seeks and demand judgment dismissing the Plaintiff's complaint with prejudice, together with an award to the Answering Defendants of attorney's fees and costs of suit.  Answering Defendants deny Plaintiff's entitlement to a judgment for damages: compensatory, punitive, cost of suit, attorney's fees or any other relief.

<u>**COUNT SEVEN**</u>
**VIOLATION OF CIVIL RIGHTS AND 1983 CLAIMS**

32.  Defendants repeat the answers contained in the preceding paragraphs as if set forth at length herein.

33.  The allegations contained in this paragraph are not directed at Answering Defendants and as such no response is required.

**WHEREFORE,** Answering Defendants deny that the Plaintiff is entitled to the relief he seeks and demand judgment dismissing the Plaintiff's complaint with prejudice, together with an award to the Answering Defendants of attorney's fees and costs of suit.  Answering Defendants deny Plaintiff's entitlement to a

judgment for damages: compensatory, punitive, cost of suit, attorney's fees or any other relief.

### COUNT EIGHT
### CONSPIRACY TO VIOLATE 42 U.S.C. 1983 AND 1985 AND THE NEW JERSEY CONSTITUTION

34. Defendants repeat the answers contained in the preceding paragraphs as if set forth at length herein.

35. Denied.

**WHEREFORE,** Answering Defendants deny that the Plaintiff is entitled to the relief he seeks and demand judgment dismissing the Plaintiff's complaint with prejudice, together with an award to the Answering Defendants of attorney's fees and costs of suit. Answering Defendants deny Plaintiff's entitlement to a judgment for damages: compensatory, punitive, cost of suit, attorney's fees or any other relief.

### COUNT NINE
### VIOLATION OF 42 U.S.C. 1986

36. Defendants repeat the answers contained in the preceding paragraphs as if set forth at length herein.

37. The allegations contained in this paragraph at not directed to Answering Defendants and as such no response is required.

**WHEREFORE,** Answering Defendants deny that the Plaintiff is entitled to the relief he seeks and demand judgment dismissing the Plaintiff's complaint with prejudice, together with an award to the Answering Defendants of attorney's fees and costs of suit.

Answering Defendants deny Plaintiff's entitlement to a judgment for damages: compensatory, punitive, cost of suit, attorney's fees or any other relief.

<u>AFFIRMATIVE DEFENSES</u>

<u>FIRST AFFIRMATIVE DEFENSE</u>

At all times relevant hereto, Answering Defendants have acted in good faith and without fraud or malice.

<u>SECOND AFFIRMATIVE DEFENSE</u>

Answering Defendants have not deprived Plaintiff of any right, privilege or immunity secured to him by the New Jersey or United States Constitutions or any Act of Congress or the Legislature of New Jersey.

<u>THIRD AFFIRMATIVE DEFENSE</u>

The Complaint fails to state a claim against Answering Defendants upon which relief may be granted.

<u>FOURTH AFFIRMATIVE DEFENSE</u>

Answering Defendants are immune from suit.

<u>FIFTH AFFIRMATIVE DEFENSE</u>

Answering Defendants are employees of an agency of the State of New Jersey and at all relevant times was performing act within the scope of their official duties in good faith without fraud or

malice, and is immune from liability sought to be imposed upon them based on the doctrine of qualified immunity.

### SIXTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of res judicata and/or collateral estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

Recovery is barred in this action by reason of the applicable statutes of limitations.

### EIGHTH AFFIRMATIVE DEFENSE

Answering Defendants are not guilty of negligence and violated no duty to Plaintiff.

### NINTH AFFIRMATIVE DEFENSE

The action is so lacking in fact-based merit as to warrant dismissal with prejudice.

### TENTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of laches.

### ELEVENTH AFFIRMATIVE DEFENSE

Answering Defendants reserve the right to interpose each and every separate defense that continuing investigation may indicate.

### TWELFTH AFFIRMATIVE DEFENSE

Insofar as claims asserted against the Answering Defendants allege tortious acts, they are governed by and subject to the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, et seq. Failure to file a

notice of claim pursuant to, N.J.S.A. 59:8-1 precludes plaintiff from asserting those claims.

THIRTEENTH AFFIRMATIVE DEFENSE

Damages, if any, sustained by the plaintiff were caused as a result of his intentional acts.

FOURTEENTH AFFIRMATIVE DEFENSE

Damages, if any, sustained by the plaintiff were the result of the actions of persons and/or entities over whom the defendants had no control.

FIFTEENTH AFFIRMATIVE DEFENSE

Any actions taken by the Defendant was in the nature of discretionary activity within the meaning of N.J.S.A. 59:3-2, and accordingly no liability may be imposed upon the defendant.

SIXTEENTH AFFIRMATIVE DEFENSE

The Complaint and the proceedings resulting therefrom and any recovery resulting therefrom is barred, limited and/or controlled by the provisions of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et seq.

SEVENTEENTH AFFIRMATIVE DEFENSE

Any recovery to which the Plaintiff may be entitled against the Defendants is subject to the limitations and reductions on damages set forth in N.J.S.A. 59:9-2

## EIGHTEENTH AFFIRMATIVE DEFENSE

Recovery is barred by the failure of the plaintiff to give timely notice of claims or to present a claim in accordance with N.J.S.A. 59:8-1 et seq.

## NINTEENTH AFFIRMATIVE DEFENSE

Recovery is barred by the failure of the plaintiff to give timely notice of a contractual claim or to present a contractual claim in accordance with N.J.S.A. 59:13-1 et seq.

## TWENTIETH AFFIRMATIVE DEFENSE

The Defendants have a policy against discrimination, harassment and retaliation.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The plaintiff's damages, if any, are barred because he failed to mitigate damages.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The Plaintiff is not entitled to punitive damages.

RESERVATION OF RIGHTS

Defendants reserve the right, at or before trial, to move to dismiss the Complaint and/or move for summary judgment, on the grounds that the Complaint fails to state a claim upon which relief can be granted and/or Defendant is entitled to judgment as a matter of law.

JURY DEMAND

Defendant demands a trial by jury for all issues of fact.

DESIGNATION OF TRIAL COUNSEL

Please be advised that Vincent Rizzo and Suzanne Davies, Deputy Attorney Generals, are hereby designated as trial counsel.


Respectfully submitted,

CHRISTOPHER S. PORRINO
ACTING ATTORNEY GENERAL OF NEW JERSEY


By: /s/Suzanne Davies
    Suzanne Davies
    Deputy Attorney General
    Suzanne.davies@dol.lps.state.nj.us